AMENDED CLASS ACTION COMPLAINT
(Including 2025 Federal Tax Sale Ruling)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE PEOPLE TRANSITION FUND,
and all similarly situated homeowners,
Plaintiffs,

v.

COOK COUNTY, ILLINOIS;
TONI PRECKWINKLE, President of Cook County;
ALL MEMBERS OF THE COOK COUNTY BOARD OF COMMISSIONERS;
FRITZ KAEGI, Cook County Assessor;
MARIA PAPPAS, Cook County Treasurer;
and other elected officials responsible for property taxation,
Defendants.

CLASS ACTION COMPLAINT

RECEIVED

DEC 17 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:25-cv-15318
Judge Steven C. Seeger
Magistrate Judge Keri L. Holleb Hotaling
RANDOM / Cat. 2

## I. INTRODUCTION

1. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, and related constitutional provisions to challenge unconstitutional, arbitrary, and discriminatory property tax assessment and enforcement practices in Cook County, Illinois.
2. These practices disproportionately burden predominantly Black communities, resulting in unequal tax treatment, loss of wealth, and heightened risk of displacement.
3. Plaintiffs seek injunctive relief, restitution, refunds, damages, systemic reform of Cook County's property tax system, and the appointment of a Court-Appointed Special Master to conduct a forensic audit.
4. Plaintiffs further allege that Cook County has diverted or misallocated property tax revenues toward unauthorized or non-transparent expenditures, including but not limited to sanctuary-related programs, emergency housing, and inflated rental subsidies, without adequate oversight.
5. Plaintiffs rely on a 2025 federal ruling from this Court declaring Cook County's tax-sale foreclosure system unconstitutional under the Fifth Amendment Takings Clause and the Eighth Amendment Excessive Fines Clause.
6. Plaintiffs allege a pattern of racial disparity in assessment practices, including instances where County officials acknowledged assessment errors affecting non-Black communities following flood events, while similar flooding in predominantly Black neighborhoods was treated differently and attributed to infrastructure issues, resulting in unequal tax outcomes.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.
8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this District and the events giving rise to these claims occurred within Cook County, Illinois.

## III. PARTIES

9. Plaintiffs are United States citizens residing in Cook County, specifically within predominantly Black communities that have been subjected to disproportionately higher property tax assessments and increases compared to non-Black areas, resulting in disparate financial impact and discriminatory economic burden.
10. Defendants are the governmental entities and elected officials responsible for the assessment, collection, enforcement, and allocation of property taxes in Cook County.

## IV. CLASS ALLEGATIONS

11. Plaintiffs bring this action on behalf of a class consisting of all homeowners in predominantly Black neighborhoods of Cook County who experienced unjustified and disproportionate property tax increases.
12. The class is so numerous that joinder of all members is impracticable.
13. Common questions of law and fact include whether Cook County's assessment and enforcement regime violates the Equal Protection Clause, Due Process Clause, and other constitutional protections.

## V. FACTUAL ALLEGATIONS

14. Plaintiffs are long-term homeowners whose property taxes increased dramatically—often from approximately $700 to $1,000 or more annually—without any corresponding increase in market value or property improvements.
15. These increases have disproportionately affected minority neighborhoods, particularly predominantly Black communities.
16. Cook County officials publicly stated that tax increases were necessary due to commercial property value shifts and business departures, yet comparable tax relief was not provided to residential taxpayers when commercial activity was strong.
17. Cook County received funding and authority to implement reassessment and equity programs but failed to conduct proper audits or equitable evaluations.
18. Plaintiffs reasonably believe property tax revenues were misallocated or diverted without transparency or judicial oversight.
19. Plaintiffs seek the appointment of a Court-Appointed Special Master to determine whether tax revenues were improperly diverted and whether assessment practices comply with constitutional requirements.

### V.A. COMPARATIVE DISPARATE TREATMENT

20. During flood-related events impacting predominantly non-Black communities, including the New Trier area of Cook County, County officials publicly acknowledged assessment errors and implemented corrective measures, including assessment adjustments and relief.
21. By contrast, when comparable flooding affected predominantly Black neighborhoods within Cook County, Defendants declined to provide similar relief, instead attributing increased tax burdens to alleged infrastructure issues while allowing assessments to remain inflated.
22. This inconsistent treatment of similarly situated communities evidences arbitrary and unequal enforcement of property tax laws in violation of the Equal Protection Clause.

## VI. NEW LEGAL AUTHORITY – 2025 FEDERAL RULING

23. On December 9, 2025, a federal judge in the Northern District of Illinois held that Cook County's tax-sale foreclosure system violates the Fifth Amendment Takings Clause and the Eighth Amendment Excessive Fines Clause.
24. The ruling established that Cook County's tax enforcement practices unconstitutionally permit the taking of property value beyond the amount lawfully owed.
25. Plaintiffs allege that Cook County's discriminatory assessment practices, when combined with the unconstitutional foreclosure system, operate together to strip homeowners—particularly in Black communities—of wealth without due process.
26. President Donald J. Trump is identified as a potential fact witness based on prior public statements concerning alleged fiscal irregularities involving Cook County and the City of Chicago.

## VII. CAUSES OF ACTION

COUNT I – Equal Protection (Fourteenth Amendment)
27. Defendants' assessment practices disproportionately burden Black homeowners without a rational basis.

COUNT II – Due Process (Fourteenth Amendment)

28. Arbitrary and non-transparent assessments violate procedural and substantive due process.

COUNT III – Civil Rights Violations (42 U.S.C. § 1983)
29. Defendants' actions constitute deprivation of constitutional rights under color of state law.

COUNT IV – Takings & Excessive Fines (Fifth and Eighth Amendments)
30. Defendants' cumulative tax and enforcement scheme threatens unconstitutional forfeiture of equity beyond lawful tax debt.

## VIII. REQUESTED RELIEF

31. Issue a Preliminary and Permanent Injunction halting unconstitutional tax enforcement;
32. Appoint a Court-Appointed Special Master to conduct an independent forensic audit;
33. Order a full accounting of diverted or misallocated tax revenues;
34. Award refunds and restitution to affected homeowners;
35. Certify this action as a Class Action;
36. Award compensatory and punitive damages;
37. Award attorneys' fees and costs; and
38. Grant such other relief as the Court deems just and proper.

## IX. JURY DEMAND

39. Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Howard Ray
Edie Jacob

# AMENDED CLASS ACTION COMPLAINT
# Including 2025 Federal Tax Sale Ruling and Comparative Disparate Treatment

## I. INTRODUCTION

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to challenge unconstitutional, arbitrary, and discriminatory property tax assessment and enforcement practices in Cook County, Illinois. These practices disproportionately burden predominantly Black communities and result in unequal tax treatment, loss of wealth, and heightened risk of displacement.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this District and the events giving rise to these claims occurred within Cook County, Illinois.

## III. PARTIES

Plaintiffs are United States citizens residing in Cook County, specifically within predominantly Black communities that have been subjected to disproportionately higher property tax assessments and increases compared to non-Black areas, resulting in disparate financial impact and discriminatory economic burden. Defendants are the governmental entities and elected officials responsible for the assessment, collection, enforcement, and allocation of property taxes in Cook County.

## IV. CLASS ALLEGATIONS

Plaintiffs bring this action on behalf of all homeowners in predominantly Black Cook County neighborhoods who suffered unjustified and disproportionate property tax increases. The class is so numerous that joinder is impracticable, and common questions of law and fact predominate.

## V. FACTUAL ALLEGATIONS

Plaintiffs are long-term homeowners whose property taxes increased dramatically without corresponding increases in market value or property improvements. These increases disproportionately impacted predominantly Black neighborhoods. Cook County officials publicly stated that increases were due to commercial property shifts, yet no relief was provided when commercial activity thrived.

## V.A. COMPARATIVE DISPARATE TREATMENT

During flood-related events impacting predominantly non-Black communities within Cook County, including but not limited to the New Trier area, Defendants publicly acknowledged assessment errors and implemented corrective measures such as assessment reductions or relief. By contrast, when comparable flooding affected predominantly Black neighborhoods, Defendants declined to provide similar relief, instead attributing increased assessments to infrastructure issues while allowing inflated assessments to remain in place. These communities were similarly situated with respect to flood impact yet were treated differently without rational basis, constituting unequal enforcement in violation of the Equal Protection Clause.

## VI. NEW LEGAL AUTHORITY – 2025 FEDERAL RULING

On December 9, 2025, a federal judge in the Northern District of Illinois held that Cook County's tax-sale foreclosure system violates the Fifth Amendment Takings Clause and the Eighth Amendment Excessive Fines Clause. Plaintiffs allege that discriminatory assessment practices operate in tandem with this unconstitutional system to strip residents of wealth without due process.

## VII. CAUSES OF ACTION

Defendants' conduct violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, constitutes civil rights violations under 42 U.S.C. § 1983, and results in unconstitutional takings and excessive fines.

## VIII. REQUESTED RELIEF

Plaintiffs seek a preliminary and permanent injunction halting unconstitutional tax enforcement, appointment of a Court-Appointed Special Master to conduct a forensic audit, refunds and restitution, class certification, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.